UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DEBORAH ROGERS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO.  2-17-CV-374 |
| | ) |
| TERRE HAUTE HOSPITAL GP INC,, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Deborah Rogers ("Rogers"), by counsel, brings this action against Defendant, Terre Haute Hospital GP Inc. ("Defendant"), and shows as follows:

## OVERVIEW

1. This is an employment discrimination action (disability) brought by Rogers against Defendant alleging that she was discriminated against because of one or more of her disabilities as protected by the Americans with Disability Act of 1990 ("ADA"), 42 U.S.C. §12101 et. seq.

## PARTIES

2. At all relevant times Rogers lived in Illinois.

3. Defendant is a corporation that conducts business and maintains offices in Southern District of Indiana.

4. Rogers, at all times relevant, was an 'employee' as defined by 42 U.S.C.§12111(4).  Moreover, Rogers is disabled as that term is defined by the ADA.

5. Defendant is an 'employer' as defined by 42 U.S.C. §12111(5)(A).

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C §1331 and 42 U.S.C. §12117(a).

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as all events, transactions, and occurrences pertinent to this lawsuit have occurred within the geographical environs of the Southern District of Indiana and all parties are located herein.

8. Rogers properly exhausted her administrative remedies when she timely filed a charge of discrimination (and later amended it) with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging discriminated based on disability. A notice of suit rights was issued on or about May 4, 2017, and Rogers now brings this Complaint within ninety (90) days of receipt thereof.

## FACTUAL ALLEGATIONS

8. Rogers began her employment with Defendant in or about August 2000. She was employed as a staff registered nurse.

9. Rogers met or exceeded the legitimate expectations of performance of her position.

10. Rogers suffers from one or more conditions that qualify her as disabled under the ADA. These conditions are permanent and substantially limit her in one or more major life activities. Defendant was aware of Rogers' disability and/or condition for several years at least.

11. In 2015 Defendant provided Rogers with a performance review that reflected concerns with symptoms associated with her disability. Rogers otherwise met performance expectations. In prior years Defendant had also found fault with issues surrounding Rogers' disability but otherwise acknowledged she was a good professional nurse.

12. In April 2016 Defendant disciplined Rogers for what it labeled 'attitude problems.'

13. In June 2016 Defendant issued a second disciplinary action for the same or similar 'attitude' concerns. These problems were described as sighing and crying in the workplace. These symptoms are associated with Rogers' disability.

14. Defendant terminated Rogers in November 2016. The underlying event that allegedly led to Rogers' termination was not fully investigated, did not involve discussing the event with Rogers, and did not contemplate or include discussing the matter with other nurses who would have refuted claims made against Rogers.

15. Defendant separated Rogers from her employment because of her disability and the resultant symptoms.

16. Rogers has been harmed by Defendant's conduct.

## LEGAL ALLEGATIONS

## VIOLATIONS OF THE ADA

17. Rogers incorporates by reference paragraphs one (1) through sixteen (16).

18. Defendant discriminated against Rogers by terminating her employment.

19. Rogers has been harmed by Defendant's conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Deborah Rogers, respectfully demands judgment against Defendant in her favor and requests that the Court grant the following relief:

a) An Order awarding Rogers the wages she lost and the value of the benefits she lost as a result of her unlawful termination;

b) An Order awarding Rogers compensatory and punitive damages for an intentional

   violation of her rights as provided for by the ADA;

c) An Order awarding the costs of this action;

d) An Order awarding reasonable attorneys' fees;

e) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

f) An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)

The Wolcott Law Firm LLC
450 East 96th Street, Suite 500
Indianapolis, Indiana 46240
Telephone:   (317) 500-0700
Facsimile:   (317) 732-1196
E-Mail:   indy2buck@hotmail.com

Attorney for Plaintiff

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues deemed triable.

Respectfully submitted,

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)

The Wolcott Law Firm LLC
450 East 96th Street, Suite 500
Indianapolis, Indiana 46240
Telephone:   (317) 500-0700
Facsimile:   (317) 732-1196
E-Mail:   indy2buck@hotmail.com

Attorney for Plaintiff